Donna KELLOGG, Plaintiff–Appellant,

v.

Joanne B. BARNHART,* Commissioner of the Social Security Administration, Defendant–Appellee.

No. 01–6190.

United States Court of Appeals, Tenth Circuit.

April 11, 2002.

Before HENRY, ANDERSON, and LUCERO, Circuit Judges.

**ORDER AND JUDGMENT\*\***

HENRY, Circuit Judge.

After examining the briefs and appellate record, this panel has determined unani-

---

* On November 9, 2001, JoAnne B. Barnhart became the Commissioner of Social Security. In accordance with Fed. R.App. P. 43(c)(2), Ms. Barnhart is substituted for William A. Halter as the appellee in this action.

\*\* This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order

mously to grant the parties' request for a decision on the briefs without oral argument. *See* Fed. R.App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

▮ Plaintiff Donna Kellogg appeals from a district court order upholding the Commissioner's denial of her application for disability insurance benefits. We review the Commissioner's decision to determine whether her factual findings are supported by substantial evidence in light of the entire record, and to determine whether she applied the correct legal standards. *Hargis v. Sullivan,* 945 F.2d 1482, 1486 (10th Cir.1991). Because the administrative law judge (ALJ) properly rejected the opinion of Ms. Kellogg's treating physician, did not err in his analysis with respect to her allegations of pain, and did not err in his analysis of her ability to perform her past relevant work, we affirm.

Employing the five-step sequential process for determining disability, *see Williams v. Bowen,* 844 F.2d 748, 750–52 (10th Cir.1988), the ALJ found that plaintiff has severe impairments, but that her impairments do not meet or equal a listed impairment. After reviewing the evidence and medical record, the ALJ further found that Ms. Kellogg did not meet her burden of demonstrating she was unable to perform her past relevant work as a nurse instructor. Therefore, the ALJ concluded that she was not disabled under step four of the evaluation process. The Appeals Council agreed with the ALJ. The district court adopted the report and recommendation of the magistrate judge and affirmed the Commissioner's decision.

The parties are familiar with the underlying facts, which are set forth in the magistrate judge's thorough report and recommendation, and we will not restate

them here. On appeal, Ms. Kellogg first contends that the ALJ improperly rejected the opinion of her treating physician, Dr. Self, that she was disabled. An ALJ is required to give controlling weight to a treating physician's opinion as long as "it is well supported by clinical and laboratory diagnostic techniques and if it is not inconsistent with other substantial evidence in the record." *Castellano v. Sec'y of Health & Human Servs.,* 26 F.3d 1027, 1029 (10th Cir.1994). We have said that a treating physician's opinion that a claimant is totally disabled is not dispositive, however, "because final responsibility for determining the ultimate issue of disability is reserved to the [Commissioner]." *Id.* In addition to considering whether the treating physician's opinion is well-supported by objective evidence and consistent with other substantial evidence in the record, the ALJ is also required to consider the length of the treating relationship and the frequency of examination, the nature and extent of the treatment relationship, and whether the physician is a specialist in the area. *See* 20 C.F.R. § 404.1527(d)(2).

The ALJ complied with the requirement that he "give specific, legitimate reasons for disregarding the treating physician's opinion that a claimant is disabled." *Goatcher v. United States Dep't of Health & Human Servs.,* 52 F.3d 288, 290 (10th Cir.1995). Recognizing the treating physician rule, the ALJ rejected Dr. Self's opinion because it was conclusory and not supported by clinical and laboratory diagnostic techniques and inconsistent with other of her reports. *See Castellano,* 26 F.3d at 1029 ("A treating physician's opinion may be rejected if [her] conclusions are not supported by specific findings."). The record supports the ALJ's conclusion. The record does indicate that Dr. Self saw claimant numerous times over a two-year

and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

period and was treating claimant for her neck and arm pain. Her opinion that Ms. Kellogg was totally disabled, however, was contained only in a single sentence report, apparently prepared at the request of counsel. There is absolutely no indication what medical facts Dr. Self relied upon in making this opinion of disability. Dr. Self also completed a form assessing Ms. Kellogg's residual functional capacity (RFC), but certain of Dr. Self's statements on this form are inconsistent with her other medical reports. Furthermore, no other physician opined that Ms. Kellogg was permanently disabled. Therefore, because Dr. Self's opinion that claimant was unable to work was conclusory and unsupported, the ALJ did not err in rejecting it.

■ Ms. Kellogg next contends that the ALJ erred in his application of the framework for evaluating disability based on pain found in *Luna v. Bowen,* 834 F.2d 161, 162–64 (10th Cir.1987). In evaluating a claim of disabling pain, the ALJ must consider (1) whether the medical evidence establishes a pain producing impairment; (2) if so, whether there is at least a loose nexus between the impairment and the claimant's subjective complaints of pain; and (3) if so, whether considering all of the evidence, both objective and subjective, the claimant's pain is disabling. *See id.* at 163. Once it is determined that a claimant has an impairment capable of producing pain, the ALJ must then consider her subjective complaints of pain and decide whether they are credible. *See Kepler v. Chater,* 68 F.3d 387, 391 (10th Cir.1995).

Ms. Kellogg did show objective medical evidence of a "pain producing impairment," and a loose nexus between the impairment and her pain. Accordingly, the ALJ had to evaluate plaintiff's subjective pain testimony and the other pertinent evidence before him. As outlined in detail in the magistrate judge's report and

recommendation, the ALJ did consider the kinds of factors set forth in *Luna* in evaluating the credibility of Ms. Kellogg's allegations of disabling pain. Further, he recited what specific evidence he relied on in considering those factors, as required by *Kepler.* Ms. Kellogg essentially disagrees with the weight the ALJ gave to the relevant factors. We, however, may not reweigh the evidence on appeal. Ms. Kellogg also argues the ALJ did not address all of the factors set forth in *Luna.* However, so long as the ALJ sets forth the specific evidence he relies on in evaluating the claimant's credibility, he need not make a "formalistic factor-by-factor recitation of the evidence." *See Qualls v. Apfel,* 206 F.3d 1368, 1372 (10th Cir.2000). The ALJ set forth the specific evidence he relied upon, applied the correct legal standards in evaluating Ms. Kellogg's subjective allegations of pain, and his determination on this matter is supported by substantial evidence in the record.

■ Finally, Ms. Kellogg contends that the ALJ failed to compare her RFC with the demands of her past relevant work on the record, as required by Social Security Ruling 82–62, 1982 WL 31386. In order to validly determine that a claimant retains the RFC to return to her past relevant work, the ALJ must make specific findings concerning: (1) the claimant's RFC, (2) the functional demands of the claimant's past jobs, and (3) the claimant's ability to return to these past jobs with the RFC the ALJ determined the claimant to have. *See* Social Security Ruling 82–62, 1982 WL 31386, at *4; *see also Winfrey v. Chater,* 92 F.3d 1017, 1023 (10th Cir.1996) (summarizing three phases of agency's step-four analysis). As outlined in detail by the magistrate judge, the ALJ did comply with the requirements of Social Security Ruling 82–62. *See* Aplt. App. at 337–40. Ms. Kellogg argues that the ALJ's RFC deter-

mination is not supported by the opinion of her treating physician. This is simply a restatement of her claim that the ALJ should have given controlling weight to this opinion. As explained above, however the ALJ did not err in rejecting this opinion. The ALJ's step-four findings are sufficient under Social Security Ruling 82–62. *Cf. Winfrey,* 92 F.3d at 1023–25.

Accordingly, for substantially the reasons stated by the magistrate judge, the judgment of the district court is AFFIRMED.