**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUL 23 2003**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

GARY A. GIBSON,

      Plaintiff - Appellant,

v.

JO ANNE B. BARNHART,
Commissioner, Social Security
Administration,

      Defendant - Appellee.

No. 02-6337
(D.C. No. 01-CV-1498-BA)
(W.D. Oklahoma)

---

**ORDER AND JUDGMENT** *

---

Before **KELLY** , **ANDERSON** , and **O'BRIEN** , Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined

unanimously to grant the parties' request for a decision on the briefs without oral

argument. <u>See</u> Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore

ordered submitted without oral argument.

---

\* This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Plaintiff Gary A. Gibson appeals the denial of his application for Social Security disability benefits. The Commissioner denied benefits and the district court [1] affirmed the decision. Our jurisdiction arises under 42 U.S.C. § 405(g) and 28 U.S.C. § 1291. We affirm.

## I. Background

Mr. Gibson alleged that he was disabled due to back injuries and back pain. A hearing was held before an administrative law judge (ALJ), at which testimony was received from Mr. Gibson and a vocational expert. The ALJ also received medical reports into evidence.

The ALJ denied benefits at step four of the five-step sequential evaluation process. See Williams v. Bowen, 844 F.2d 748, 750-52 (10th Cir. 1988) (discussing five steps). He determined that Mr. Gibson had the residual functional capacity (RFC) to perform two of his past jobs, both requiring "light" exertional capacity. Those two past jobs were production assembler and resident aide. Although Mr. Gibson testified that he had performed other work, the ALJ concluded that he could not return to those jobs.

---

[1] The parties consented to proceed before a magistrate judge pursuant to 28 U.S.C. § 636(c)(1).

Mr. Gibson raised two issues on appeal: (1) the ALJ erred in determining that he retained the RFC to perform his past relevant work, and (2) the ALJ failed properly to evaluate the medical evidence.

## II. Legal Standards

We review the Commissioner's decision to determine whether it is supported by substantial evidence and whether correct legal standards were applied. See Hawkins v. Chater, 113 F.3d 1162, 1164 (10th Cir. 1997). "Substantial evidence is 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Soliz v. Chater, 82 F.3d 373, 375 (10th Cir. 1996) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971) (further quotation omitted)). We may neither reweigh the evidence nor substitute our judgment for that of the [Commissioner]. See Barnett v. Apfel, 231 F.3d 687, 689 (10th Cir. 2000).

## III. ALJ's Step Four Analysis

Mr. Gibson challenges the ALJ's conclusion that he retained the RFC to perform his past jobs as a production assembler and resident aide. He claims the ALJ failed to (1) identify sufficient medical evidence to support his conclusion, (2) compare Mr. Gibson's subjective complaints to the medical evidence, and (3) make findings regarding the physical and mental demands of Mr. Gibson's

past relevant work. He asserts that these failures require reversal under <u>Winfrey v. Chater</u>, 92 F.3d 1017 (10th Cir. 1996).

In <u>Winfrey</u>, this court articulated three phases an ALJ must address in making a determination at step four. The first phase requires an evaluation of the claimant's RFC. <u>Id.</u> at 1023. The second phase entails an examination of the demands of the claimant's past relevant work. <u>Id.</u> In the third phase, "the ALJ determines whether the claimant has the ability to meet the job demands found in phase two despite the mental and/or physical limitations found in phase one." <u>Id.</u> Specific findings are required at all phases. <u>Id.</u>

### (A) Phase one challenge – medical evidence

Mr. Gibson argues that in evaluating his RFC, the ALJ improperly relied on the reports by Drs. Smith and Livingston to find that he had the RFC to perform his past "light" jobs as a production assembler and resident aide. He maintains that because both doctors stated that he could not return to his work, the ALJ's conclusion is unsupported. This argument is specious. The work to which the doctors stated Mr. Gibson could not return was his job as a shipping and receiving clerk. Aplt. App., tab 3 at 158, 176. The ALJ did not find that Mr. Gibson could return to this job, classified as "medium." <u>See id.</u> at 66-67 (testimony of vocational expert).

-4-

Mr. Gibson also charges that the ALJ failed to point to medical evidence in support of his finding that Mr. Gibson could perform "light" work. On the contrary, the ALJ pointed to the reports of at least six medical providers to support his finding. Id. at 27-29 (concluding that medical records provided "ample support" for determination that Mr. Gibson could perform "light" work; reviewing medical reports). We find it unnecessary to summarize the medical evidence as was done by both the ALJ and the magistrate judge. Our review of the record reveals that substantial evidence supports the conclusion that Mr. Gibson could perform his past "light" jobs.

### (B) Phase one challenge – subjective complaints

We turn to Mr. Gibson's second challenge to the phase one determination. He complains that the ALJ did not compare his subjective complaints to the medical evidence and did not analyze how his activities affected his credibility. We construe this argument as challenging the ALJ's credibility findings on the ground that they did not satisfy the requirement that they "be closely and affirmatively linked to substantial evidence and not just a conclusion in the guise of findings." Kepler v. Chater, 68 F.3d 387, 391 (10th Cir. 1995) (quotation omitted).

"Credibility determinations are peculiarly the province of the finder of fact, and we will not upset such determinations when supported by substantial

evidence." Id. (quotation omitted). "' Kepler does not require a formalistic factor-by-factor recitation of the evidence. So long as the ALJ sets forth the specific evidence he relies on in evaluating the claimant's credibility, the dictates of Kepler are satisfied.'" White v. Barnhart, 287 F.3d 903, 909 (10th Cir. 2001) (quoting Qualls v. Apfel, 206 F.3d 1368, 1372 (10th Cir. 2000)).

In this case, the ALJ explained his reasons for discounting Mr. Gibson's testimony that his pain was disabling. Mr. Gibson testified that he needed to lie down for four hours each day, yet no physician indicated that he needed to do so. Aplt. App., tab 3 at 31. Similarly, Mr. Gibson's testimony that his medications made him drowsy was not a complaint mentioned in the medical reports. Id. The ALJ found that Mr. Gibson's description of his physical limitations was at odds with the medical evidence that at least two physicians believed that he could work. Id. Although Mr. Gibson testified he could sit for no longer than fifteen minutes, he also stated that he had driven himself nonstop thirty-five miles to the hearing that day–contradictory evidence the ALJ found undermined Mr. Gibson's credibility. Id. The ALJ also noted the neurologist's observation that Mr. Gibson exhibited "significant symptom magnification." Id. The ALJ remarked that the medical evidence showed that Mr. Gibson sought relatively infrequent treatment and that the treatment provided was very conservative. Id. He found this "inconsistent with allegations of disability." Id.

-6-

Based on our independent review of the record, we conclude that the ALJ adequately supported his credibility determination. It "was linked to specific findings of fact, findings we are compelled to accept because they are fairly derived from the record." White, 287 F.3d at 910.

### (C) Phase two challenge – past relevant work

Mr. Gibson next argues that the ALJ failed to make the findings necessary at phase two regarding the demands of Mr. Gibson's past relevant work. He maintains that the ALJ abdicated his duty to make findings by relying on the vocational expert's testimony. The ALJ noted with approval the portion of the vocational expert's testimony relating to "light" jobs and concluded that those jobs "precisely match[ed] the claimant's residual functional capacity." Aplt. App., tab 3 at 33. He incorporated that testimony into his findings. "The ALJ did not delegate the analysis to the vocational expert; instead, he quoted the VE's testimony approvingly, in support of his own findings. . . . There was nothing improper about this." Doyal v. Barnhart, 331 F.3d 758, 761 (10th Cir. 2003).

### IV. ALJ's Evaluation of the Medical Evidence

Mr. Gibson claims that the ALJ did not evaluate fairly the medical evidence submitted by the treating and consulting physicians. He argues that Drs. Livingston and Smith placed permanent restrictions on Mr. Gibson's physical abilities, such as avoiding repetitious bending, lifting, stooping, and twisting, as

well as weight-lifting limits. Mr. Gibson has not explained, however, how these restrictions affect his ability to perform his past work as a production assembler or a resident aide. We have compared the demands of those two jobs with the limitations he alleges prevent him from performing them and we find no support for his claim.

The Dictionary of Occupational Titles (DOT) states that neither job requires bending or twisting, but both jobs require occasional stooping and crouching. Dictionary of Occupational Titles, §§ 355.377-018 (resident aide); 737.684-034 (production assembler). The resident aide job also requires occasional kneeling, but neither job requires crawling. Id. Both jobs also require moderate lifting, but the weights to be lifted are within the limitations imposed by Mr. Gibson's physicians. Id.

We cannot find that the ALJ unfairly or erroneously viewed the medical evidence when he determined that Mr. Gibson could perform his past jobs as a resident aide or production assembler. No physician opined that Mr. Gibson could do no bending, lifting, stooping, or twisting. To the contrary, Drs. Smith and Livingston believed Mr. Gibson could work, despite the restrictions they recommended.

Mr. Gibson alludes to the DOT's characterization of the resident aide job as "medium" exertional level. While this is true, see id. § 355.377-018, the ALJ

determined that this job was at the "light" level, as performed by Mr. Gibson. A claimant is able to perform past relevant work if he can perform "'[t]he actual functional demands and job duties of a particular past relevant job.'" Andrade v. Sec'y of Health & Human Servs., 985 F.2d 1045, 1050 (10th Cir. 1993) (quoting Social Security Ruling 82-61, 1982 WL 31387 (1982)). Moreover, Mr. Gibson does not challenge the ALJ's determination that, as he performed it, the resident aide job was "light" work. Accordingly, we conclude that the ALJ's determination that Mr. Gibson could perform his past relevant work as a resident aide or production assembler was supported by substantial evidence in the record.

## V. Conclusion

The agency applied the correct legal standards and substantial evidence supports the agency's decision. Accordingly, the judgment of the district court is AFFIRMED.

Entered for the Court

Terrence L. O'Brien
Circuit Judge

-9-