**Joseph HOLLAND, Plaintiff,**

v.

**Jo Anne B. BARNHART, Commissioner of Social Security, Defendant.**

No. 04–2051–JWL.

United States District Court, D. Kansas.

Sept. 1, 2004.

---

**1144**

James H. Green, Kansas City, MO, for Plaintiff.

Melanie D. Caro, Office of United States Attorney, Kansas City, KS, for Defendant.

## MEMORANDUM AND ORDER

LUNGSTRUM, District Judge.

Plaintiff Joseph Holland brings this action pursuant to 42 U.S.C. § 405(g) seeking judicial review of the final decision of defendant, Jo Anne B. Barnhart, the Com-

missioner of Social Security ("the Commissioner"), denying Mr. Holland's application for supplemental security income ("SSI") under Title XVI of the Social Security Act, 42 U.S.C. § 1381a. Plaintiff argues that when assessing his residual functional capacity ("RFC"), the Administrative Law Judge ("ALJ") erred by not applying the correct legal standard when discounting the opinion of his treating physician and instead relying on the opinion of the consulting physician, and the ALJ erred while making a credibility determination regarding plaintiff's subjective complaint of pain. As explained below, the court agrees in part and reverses and remands this case to the Commissioner for further proceedings consistent with this Memorandum and Order.

## I. BACKGROUND

On September 6, 2001, plaintiff filed an application for supplemental security income, alleging disability beginning May 29, 2000, due to a right knee injury with a plate and pins in his leg, which was the result of an assault. Plaintiff alleged that he was unable to work due to fatigue and right leg pain and stiffness that necessitated elevating his leg to heart level for two hours a day. Initially and on reconsideration, the claim was denied. On February 1, 2002, plaintiff timely filed a Request for Hearing.

At Plaintiff's request, an administrative hearing took place in Kansas City, Kansas on November 13, 2001 to consider plaintiff's claim, and both plaintiff and his attorney were present. At the hearing conducted by ALJ Gary E. Lowe, the issue of disability was considered for the time period beginning September 1, 2001 through the decision date, December 18, 2003. The ALJ considered this limited time period after finding that *res judicata* applied through August 31, 2001, the last date of an unfavorable decision.[1]

On December 18, 2003, the ALJ rendered a decision in which he found that plaintiff had not engaged in gainful activity since the alleged onset of disability, that plaintiff suffered from a severe impairment in the form of a low back pain with "mild" degenerative changes and status post lateral tibial plateau fracture and subsequent surgery, that plaintiff's impairment did not meet or equal any of the criteria in the listing of impairments, that plaintiff's RFC did not allow him to perform his past relevant work, and that plaintiff's vocational profile and RFC allowed him to perform jobs that existed in significant numbers in the national economy. Thus, the ALJ determined that plaintiff was not disabled and denied benefits. The Appeals Council denied plaintiff's request for review, and therefore the ALJ's decision stands as the Commissioner's final decision.

## II. STANDARD OF REVIEW

On appeal, this court's review of the Commissioner's determination that a claimant is not disabled is limited. *Hamilton v. Sec'y of HHS*, 961 F.2d 1495, 1497 (10th Cir.1992). The court examines whether the decision is supported by substantial evidence in the record as a whole and whether the correct legal standards were applied. *White v. Massanari*, 271 F.3d 1256, 1257 (10th Cir.2001); *Qualls v. Apfel*, 206 F.3d 1368, 1371 (10th Cir.2000). "Substantial evidence is such relevant evi-

---

1. On June 28, 2000, Plaintiff filed an application for disability benefits alleging the an onset date of May 29, 2000. This claim was denied initially and on reconsideration by the ALJ in a decision dated August 31, 2001.

Plaintiff requested review of the August 31, 2001 decision by the Appeals Council, and that request was denied on November 29, 2001. Plaintiff filed no further appeal of that decision.

dence as a reasonable mind might accept as adequate to support a conclusion." *White*, 271 F.3d at 1257 (quotation omitted); *accord Soliz v. Chater*, 82 F.3d 373, 375 (10th Cir.1996) (same). The court neither reweighs the evidence nor substitutes its judgment for that of the Commissioner. *White*, 271 F.3d at 1257; *Qualls*, 206 F.3d at 1371. This deferential standard of review, however, does not apply to the Commissioner's application of the law. Reversal may be appropriate when the Commissioner either applies an incorrect legal standard or fails to demonstrate reliance on the correct legal standards. *Winfrey v. Chater*, 92 F.3d 1017, 1019 (10th Cir.1996); *Glass v. Shalala*, 43 F.3d 1392, 1395 (10th Cir.1994); *Washington v. Shalala*, 37 F.3d 1437, 1439 (10th Cir.1994).

## III. ANALYSIS

"The Commissioner follows a five-step sequential evaluation process to determine whether a claimant is disabled." *Doyal v. Barnhart*, 331 F.3d 758, 760 (10th Cir. 2003); *see also* 20 C.F.R. § 404.1520 (explaining this five-step process). In this case, the ALJ determined Plaintiff was not disabled at step five. At step five, the Commissioner has the burden of proof in showing that the claimant retains the functional capacity to do other work that exists in the national economy. *See Thompson v. Sullivan*, 987 F.2d 1482, 1487 (10th Cir. 1993).

### A. WEIGHT GIVEN TO MEDICAL OPINIONS

Plaintiff argues that the ALJ used the incorrect legal standard, improperly rejecting the opinion of Plaintiff's treating physician, Mark J. Maguire, M.D., and instead credited the findings of the consultative physician, Malcolm Brahms, M.D., as controlling.

▆ Under the Social Security Administration's regulations, a treating physi-

cian's opinion concerning the nature and extent of a claimant's disability is entitled to "controlling weight" if it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques" and is "not inconsistent with the other substantial evidence in [the claimant's] case record." *Doyal*, 331 F.3d at 762 (quoting 20 C.F.R. § 416.927(d)(2)). If a treating physician's opinion is inconsistent with other medical evidence, the ALJ must then examine the consulting physician's report "to see if [it] 'outweigh[s]' the treating physician's report, not the other way around." *Goatcher v. U.S. Dept. of Health & Human Services*, 52 F.3d 288, 290 (10th Cir.1995)(quotation omitted).

▆ Even if the opinion is not entitled to controlling weight, it is still entitled to deference and must be weighed using the following six factors:

(1) the length of the treatment relationship and the frequency of examination; (2) the nature and extent of the treatment relationship, including the treatment provided and the kind of examination or testing performed; (3) the degree to which the physician's opinion is supported by relevant evidence; (4) consistency between the opinion and the record as a whole; (5) whether or not the physician is a specialist in the area upon which an opinion is rendered; and (6) other factors brought to the ALJ's attention which tend to support or contradict the opinion.

*Langley v. Barnhart*, 373 F.3d 1116, 1119 (10th Cir.2004) (quotation omitted); *accord Watkins v. Barnhart*, 350 F.3d 1297, 1301 (10th Cir.2003) (same); *see also* 20 C.F.R. §§ 404.1527(d), 416.927(d) (listing these factors); Soc. Sec. Rul. 96–2p, 1996 WL 374188, at *4 (July 2, 1996) [hereinafter SSR 96–2p] (treating source opinions that are not entitled to controlling weight are still entitled to deference and must be

weighed using all of the factors provided in 20 C.F.R. §§ 404.1527 and 416.927). After considering these factors, the ALJ must give good reasons for the weight he ultimately assigns to the opinion of the treating physician. *Watkins,* 350 F.3d at 1300; *Doyal,* 331 F.3d at 762; SSR 96–2p, at *5. In the end, the ALJ must give specific, legitimate reasons for disregarding a treating physician's opinion that a claimant is disabled. *Goatcher v. United States Dep't of Health & Human Servs.,* 52 F.3d 288, 290 (10th Cir.1995).

■ In the current case, the ALJ gave "controlling weight to Dr. Brahms' opinion that there is no medical basis for claimant to continue to need to elevate his right leg twice a day to heart level."(Tr. at 18.) Dr. Brahms' opinion was based on a disagreement concerning the treatment needed to treat plaintiff's knee injury. (Tr. at 18.) The objective medical evidence did not show that plaintiff was limited by swelling in his knee. On September 6, 2002 Jasper Fullard, M.D., a treating physician, noted that Plaintiff's "knee actually looks pretty good. I think the brace fits well," but Dr. Fullard felt that plaintiff would have problems doing anything that required "a lot of walking." (Tr. at 18.)

Later on July 18, 2003, Dr. Maguire, plaintiff's treating surgeon, examined plaintiff. Dr. Maguire noted that plaintiff has some persistent problems with his knee, but "he is functioning reasonably well." (Tr. at 18.) He also noted "no swelling", a "nice range of motion" and "pretty good stability, particularly in full extension." (*Id.*). Dr. Maguire believed that knee replacement could be necessary in the future, but at the time plaintiff "[took] the occasional Ibuprofen" and "doesn't require much more than that." (*Id.*) In Dr. Maguire's report on September 17, 2002, he advised plaintiff to elevate his leg, and he found that swelling in

Plaintiff's knee was "intermittent." (Tr. at 19.)

Based upon the above evidence, the ALJ found an inconsistency between the opinion of Dr. Maguire, the treating physician, and the other medical evidence. This conflict properly resulted in the ALJ referring to the Dr. Brahms, the consulting physician. The ALJ then weighed Dr. Brahms' opinion against Dr. Maguire's and found that the opinion of Dr. Brahms outweighed that of Dr. Maguire based upon the objective medical evidence.

The ALJ was also obligated, however, to consider the length of the treatment relationship, and the frequency of examination. This he did not do. Because the ALJ failed to consider these two factors, the court must remand for the ALJ to consider these factors. If these previously unconsidered factors warrant more deference to the opinion of the treating doctor, the plaintiff's RFC should be adjusted accordingly. See, e.g. *Watkins,* 350 F.3d at 1301 (remanding for the Commissioner to apply the correct legal standards in determining the weight to be assigned to a treating physician's opinion).

## B. THE ALJ'S ASSESSMENT OF RELEVANT EVIDENCE

■ Plaintiff also argues that the ALJ failed to assess plaintiff's RFC in accordance with Social Security Rule 96–8p, which states that an ALJ must provide a "narrative discussion describing how the evidence supports" his or her conclusion regarding RFC. Soc. Sec. Rul. 96–8p, 1996 WL 374184, at *7 (July, 2 1996) [hereinafter SSR 96–8P]. It is unclear in what respect plaintiff believes SSR 96–8P was not followed by the ALJ since plaintiff gives no analysis in support of his argument. In his argument, plaintiff does use bold typeset to emphasize that the ALJ's assessment must be based on all relevant

evidence in the case record such as: reports of daily activities, and the effects of symptoms, including pain, that are reasonably attributed to a medically determinable impairment. Further, Plaintiff testified at his administrative hearing that he was unable to work as a result of pain in his right leg. Therefore, the court believes that the plaintiff's argument in this regard must be that the ALJ failed to consider plaintiff's daily activities and pain when assessing his RFC.

In this case, the ALJ noted plaintiff's testimony regarding his daily activities. (Tr. at 17.) Plaintiff testified that he lived on his own, and that he took care of his own personal needs. He has trouble walking and standing and estimated that he could sit one hour and walk one block. He also stated that he wore a knee brace when leaving home. He spent much of his time watching television, reading, and listening to music. He testified that he cleaned his home, but was sometimes limited by fatigue. He also stated that he has a limited social life, but went to church on occasion. The ALJ stated that he considered and weighed all the evidence of record, finding that the evidence did not support a finding that the plaintiff was disabled.

Plaintiff makes no argument that this consideration was inadequate. The court finds that the ALJ properly consider the objective evidence regarding plaintiff's daily activities when assessing plaintiff's RFC.

In this case, the ALJ also considered plaintiff's subjective complaints of pain. The ALJ stated that he evaluated plaintiff's subjective complaints and allegations in accordance with *Luna v. Bowen,* 834 F.2d 161, 163–65 (10th Cir.1987). In *Luna,* the Tenth Circuit set forth the following factors for analyzing subjective complaints of disabling conditions: (1) whether the claimant proves with objective medical evidence an impairment that causes the subjective condition; (2) whether a loose nexus exists between the impairment and the subjective condition; and (3) whether the subjective condition is disabling based upon all objective and subjective evidence. *Glass v. Shalala,* 43 F.3d 1392, 1395 (10th Cir.1994); *Luna,* 834 F.2d at 163–64. If the claimant satisfies the first two factors, the ALJ must consider plaintiff's assertions regarding subjective conditions and decide whether he or she believes them. *Luna,* 834 F.2d at 163.

In this case, the ALJ's decision does not expressly address each of these three factors. Certainly, though, plaintiff had knee surgery required by a status post lateral tibia plateau fracture that could reasonably be expected to produce some associated pain, and thus the ALJ presumably found that plaintiff satisfied the first two factors with respect to plaintiff's subjective complaints of pain. *See, e.g., Luna,* 834 F.2d at 164 ("[I]f an impairment is reasonably expected to produce some pain, allegations of disabling pain emanating from that impairment are sufficiently consistent to require consideration of all relevant evidence." (emphasis in original)). Indeed, it appears from the substance of the ALJ's reasoning that he analyzed only the last of the three Luna factors. Accordingly, the court will confine its review of this issue to the ALJ's evaluation of the objective evidence and plaintiff's credibility regarding his subjective complaints of pain.

 Credibility determinations are peculiarly within the province of the finder of fact, and the court should not upset credibility determinations if they are supported by substantial evidence. *Kepler v. Chater,* 68 F.3d 387, 391 (10th Cir.1995). Nevertheless, the ALJ's evaluation must contain "specific reasons" to support the credibility finding. *Qualls v. Apfel,* 206 F.3d 1368, 1372 (10th Cir.2000); accord

SSR 96–7p, 1996 WL 374186, at *2 (July 2, 1996). The ALJ should consider such factors as:

> the levels of medication and their effectiveness, the extensiveness of the attempts (medical or nonmedical) to obtain relief, the frequency of medical contacts, the nature of daily activities, subjective measures of credibility that are peculiarly within the judgment of the ALJ, the motivation of and relationship between the claimant and other witnesses, and the consistency or compatibility of nonmedical testimony with objective medical evidence.

*Huston v. Bowen,* 838 F.2d 1125, 1132 (10th Cir.1988). Findings as to credibility should be closely and affirmatively linked to substantial evidence and not just a conclusion in the guise of findings. *Kepler,* 68 F.3d at 391 (quoting *Huston,* 838 F.2d at 1133); see also SSR 96–7p, 1996 WL 374186, at *2 (credibility finding must be "supported by the evidence in the case record, and must be sufficiently specific to make clear ... the weight the adjudicator gave to the individual's statements and the reasons for that weight").

 Here, the ALJ found that plaintiff's allegations regarding pain were not credible. (Tr. at 19.) The ALJ noted plaintiff's lack of medical treatment for pain. He cited discrepancies between plaintiff's assertions and information contained in the documentary reports. He also noted the reports of the treating and examining physicians, and plaintiff's need for only mild or over-the-counter medication to control pain. The ALJ relied on the testimony of Dr. Brahms. Also, he cited plaintiff's poor work history prior to claiming a disability.

Plaintiff makes no argument that the ALJ's findings regarding the credibility of plaintiff's complaints of pain were not supported by substantial evidence. The court finds that substantial evidence supports the ALJ's credibility determination that plaintiff's complaints of pain were not credible.

## IV. CONCLUSION

Thus, although the court does not agree with plaintiff's contentions concerning the ALJ's credibility determinations, it remands the case to the Commissioner for the correct legal standard to be applied to the weight assigned to the treating physician's opinion.

**IT IS THEREFORE ORDERED BY THE COURT** that the Commissioner's decision denying Mr. Holland's request for SSI is reversed and remanded for further proceedings consistent with this Memorandum and Order.