**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**SEP 27 2004**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

NICKY HEARD,

    Plaintiff-Appellant,

v.

JO ANNE B. BARNHART,
Commissioner, Social Security
Administration,

    Defendant-Appellee.

No. 04-7010
(D.C. No. 03-CV-179-W)
(E.D. Okla.)

---

**ORDER AND JUDGMENT** *

---

Before **KELLY** , **HARTZ** , and **TYMKOVICH** , Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

---

* This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Plaintiff-appellant Nicky Heard appeals from an order of the district court affirming the Commissioner's decision to deny his application for Social Security disability and Supplemental Security Income benefits (SSI). He had past relevant experience as a monument engraver, truck driver, and sexton. At the time of his application, when he was 36, [1] he alleged that he was disabled for insurance purposes due to chronic fatigue syndrome, sleep apnea, high blood pressure, gout, a thyroid problem, obesity, being mentally sluggish, and anxiety. Heard was six feet tall, and weighed over 400 pounds. He had been warned about the dangers of morbid obesity.

On appeal Heard challenges the decision of the Commissioner on two narrow grounds. First, Heard contends that the Commissioner lacked substantial evidence to find that Heard possessed transferrable skills from his previous employment as a truck driver. Second, Heard contends that the Commissioner's finding that Heard was able to perform "only negligible stooping" should preclude

---

[1] The ALJ listed Plaintiff's age as 36 in his decision, but Heard states without further discussion that he was 46 at the time. Aplt. Br. at 4; Aplt. App., Tab 4 at 233. Heard nowhere suggests that this is ground for reversal, so we will not pursue the matter. *Cf. Gross v. Burggraf Constr. Co.*, 53 F.3d 1531, 1546 (10th Cir. 1995) (courts are not to create or to develop arguments for litigants that litigants do not develop themselves).

her conclusion that he could perform sedentary work. [2] We have jurisdiction over this appeal under 42 U.S.C. § 405(g) and 42 U.S.C. § 1291, and we affirm.

*Background*

In a decision dated October 25, 2002, the administrative law judge (ALJ) determined that Heard was not disabled because he could perform unskilled and semi-skilled sedentary work. The Commissioner is required to follow a five-step sequential evaluation process to determine whether a claimant is disabled. *Williams v. Bowen*, 844 F.2d 748, 750-52 (10th Cir. 1988). The claimant bears the burden of establishing a prima facie case of disability at steps one through four. *See id.* at 751 & n.2. If the claimant successfully meets this burden, the burden of proof shifts to the Commissioner at step five to show that the claimant retains sufficient residual functional capacity (RFC) to perform work in the national economy, given his age, education, and work experience. *See id.*

---

[2] In addition, Heard makes a glancing suggestion that the vocational expert may not have used the ALJ's hypothetical in describing the jobs that Heard could perform. But we decline to address this allegation because Heard's suggestion is unsupported by citation to either fact or law. *See generally United States v. Rodriguez-Aguirre*, 108 F.3d 1228, 1237 n.8 (10th Cir. 1997) (appellants have the burden of tying the relevant facts to their legal contentions and must provide specific references to the record to carry the burden of proving error).

At step one the ALJ found that, individually or in combination, Heard's alleged impairments were severe. But at step two the ALJ found that Heard's impairments were not severe enough to meet or to equal any of the listed impairments in the Social Security Regulations that would require a finding that he was automatically disabled.

At step three the ALJ determined that Heard retained the RFC to perform a significant range of sedentary work. According to the ALJ, Heard could "lift and/or carry no more than ten pounds occasionally; [he could] stand and/or walk one hour during an eight-hour work day; and [he could] sit up to eight hours in an eight-hour workday, with a sit stand option every hour." Aplt. App., Tab 3 at 20. He could perform "only negligible stooping, kneeling and crouching; he [was] unable to climb ladders and stairs; and he should avoid environments with exposure to unprotected heights or dangerous machinery or extended exposure to pollutants, dust or fumes." *Id.* At step four the ALJ held that Heard could not return to his past relevant work as a monument engraver, truck driver, or sexton. At step five, though, the ALJ relied on the testimony of a vocational expert (VE) to conclude that Heard was not disabled because he could perform unskilled and semi-skilled sedentary work. [3] According to the VE, Heard could transfer skills to

_____

[3]      The list of these jobs included:  maintenance scheduler (sedentary, semi-skilled) (3,500 to 4,000 jobs in Oklahoma and Texas; 110,000 jobs in the
(continued...)

-4-

sedentary work from his past relevant experience as a truck driver, including

"basic understanding and reading and interpreting of Federal regulations on

commercial large trucks" and knowledge of truck maintenance and daily logs. *Id.*

at 227.

On February 19, 2003, the Appeals Council denied Heard's request for

review, and the ALJ's decision became the final decision of the Commissioner.

*Standard of Review*

We review the Commissioner's decision to determine whether the factual

findings are supported by substantial evidence in the record and whether the

correct legal standards were applied. *Andrade v. Sec'y of Health & Human*

*Servs.*, 985 F.2d 1045, 1047 (10th Cir. 1993). Substantial evidence is "such

relevant evidence as a reasonable mind might accept as adequate to support a

conclusion." *Fowler v. Bowen*, 876 F.2d 1451, 1453 (10th Cir. 1989) (quotations

omitted). We consider whether the ALJ followed the "specific rules of law that

must be followed in weighing particular types of evidence," *Reyes v. Bowen*,

---

[3](...continued)
national economy); taxicab dispatcher (sedentary, semi-skilled) (12,000 jobs in
Oklahoma and Texas; 75,000 jobs in the national economy); food/beverage order
clerk (sedentary, unskilled) (5,000 jobs in Oklahoma and Texas; 249,000 jobs in
the national economy); and surveillance system monitor (sedentary, unskilled)
(2,500 jobs in Oklahoma and Texas; 100,000 jobs in the national economy).

845 F.2d 242, 244 (10th Cir. 1988), but we will not reweigh the evidence or substitute our judgment for the Commissioner's, *see Qualls v. Apfel*, 206 F.3d 1368, 1371 (10th Cir. 2000).

*Discussion*

Heard challenges the ALJ's decision at step five. He contends that the ALJ had neither substantial evidence to support the finding that Heard had transferrable skills from his previous employment as a truck driver, nor that the ALJ could reasonably conclude from the RFC of "only negligible stooping" that Heard could perform sedentary labor. We have reviewed the Commissioner's decision, and we affirm the judgment of the district court upholding that decision.

The ALJ was entitled to rely on the testimony of the VE as substantial evidence to find that Heard had transferrable skills from his previous experience as a truck driver. As we have written, "a vocational expert may be called for the limited purpose of determining whether the claimant's skills acquired during past work would transfer to a category containing the exertional level the administrative law judge has concluded the claimant could perform." *Hargis v. Sullivan*, 945 F.2d 1482, 1492 (10th Cir. 1991). Contrary to Heard's assertions in his brief, the VE adequately described the skills and the jobs to which they could be transferred.

There was also substantial evidence for the ALJ to conclude with the aid of the VE's testimony that Heard's RFC would permit him to perform sedentary labor. According to the ALJ, Heard was limited to "only negligible stooping." Aplt. App., Tab 3 at 20. Heard argues that "only negligible stooping" is the same as no stooping at all, and he cites Social Security Ruling 96-9p for the proposition that if he cannot stoop, he cannot perform sedentary labor. Heard makes no additional argument against the value of the VE's testimony on this point.

We find two problems with Heard's argument here. First, "only negligible stooping" is not the same thing as no stooping at all. "Negligible" permits room for some stooping. Second, Social Security Ruling 96-9p would not require the ALJ to find Heard to be disabled even if he could not stoop. Although the "complete inability to stoop would significantly erode the unskilled sedentary occupational base," S.S.R. 96-9p at *8, the ALJ found that Heard could perform both unskilled and semi-skilled sedentary labor. Furthermore, the Ruling specifies that "a finding that an individual has the ability to do less than a full range of sedentary work does not necessarily equate with a decision of 'disabled,'" *id.* at *1, 8, and it urges consultation with a vocational expert for consideration of a claimant's particular limitations. *Id.* at *8. The VE's supplementary testimony that Heard could perform unskilled and semi-skilled

sedentary labor despite his limitations thus constitutes substantial evidence upon which the ALJ could rely for his decision.

For the reasons stated above, we conclude that the Commissioner's decision was supported by substantial evidence, and we AFFIRM the judgment of the district court.

Entered for the Court

Harris L Hartz
Circuit Judge