**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAR 22 2000**

**PATRICK FISHER**
**Clerk**

PUBLISH

## UNITED STATES COURT OF APPEALS

## TENTH CIRCUIT

---

EDMOND L. QUALLS,

      Plaintiff-Appellant,

v.

KENNETH S. APFEL,

      Defendant-Appellee.

No. 99-5014

---

**APPEAL FROM THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**
**(D.C. No. 97-CV-209-E)**

---

Submitted on the briefs:

Paul F. McTighe, Jr., Tulsa, Oklahoma, for Plaintiff-Appellant.

Stephen C. Lewis, United States Attorney, Peter Bernhardt, Assistant U.S. Attorney, Tina M. Waddell, Regional Chief Counsel, Mark J. Kingsolver, Deputy Chief Counsel, and Virginia Watson, Assistant Regional Counsel, Social Security Administration, Office of the General Counsel, Dallas, Texas, for Defendant-Appellee.

---

Before **BALDOCK** , **PORFILIO** , and **BRORBY** , Circuit Judges.

---

**BALDOCK** , Circuit Judge.

---

Plaintiff appeals the denial of his April 1992 applications for disability insurance benefits and supplemental security income. [1] Plaintiff contends he has been disabled since June 15, 1986, due to back and hand problems and illiteracy. An administrative law judge (ALJ) held a hearing on plaintiff's applications March 31, 1993, at which plaintiff was represented by counsel. In May 1993, the ALJ issued a decision ruling that plaintiff was not disabled. Plaintiff appealed the decision to the Appeals Council, which denied review. Plaintiff then appealed to the district court, which remanded the matter to the agency with directions to have plaintiff examined by a hand specialist and then hold a supplemental hearing.

On remand, the agency had plaintiff examined by Dr. Milo, an orthopedist, and the ALJ subsequently conducted another hearing at which plaintiff was represented by counsel. In October 1996, the ALJ issued a new decision, in which he again concluded that plaintiff was not disabled. The ALJ found that plaintiff had severe impairments, but that he retained the residual functional capacity (RFC) to perform limited light and sedentary work. Specifically, the ALJ found that plaintiff's ability to do light and sedentary work was restricted

---

[1] After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

by the following nonexertional limitations: limited fine finger manipulation in the left hand, limited feeling in both hands, inability to manipulate small objects, and mental impairments that necessitated simple, repetitive, unskilled work. The ALJ concluded that plaintiff could no longer do his past relevant work, which had required heavy exertion, but that he could perform a variety of light and sedentary jobs that exist in significant numbers in the national economy. The Appeals Council denied plaintiff's petition for review, thereby making the ALJ's decision the final decision of the Commissioner, and the district court subsequently affirmed the denial of benefits.

Plaintiff now appeals to this court, arguing that (1) the ALJ's RFC assessment is not supported by substantial evidence; (2) the ALJ's credibility findings are neither linked to, nor supported by, specific evidence in the record; and (3) the ALJ failed to include all of plaintiff's impairments in his hypothetical questions to the vocational expert (VE). We review the Commissioner's decision to determine whether it is supported by substantial evidence and whether correct legal standards were applied. *See Hawkins v. Chater*, 113 F.3d 1162, 1164 (10th Cir. 1997). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Soliz v. Chater*, 82 F.3d 373, 375 (10th Cir. 1996) (quotations omitted). In conducting our review, we may neither reweigh the evidence nor substitute our judgment for that of the

Commissioner. *See Casias v. Secretary of Health & Human Servs.*, 933 F.2d 799, 800 (10th Cir. 1991).

<u>The ALJ's RFC Assessment</u>

Plaintiff first challenges the ALJ's RFC assessment on the ground that "[t]he Administrative Law Judge's finding that the Appellant can perform a full range of light or sedentary work on a sustained, consistent basis is simply not based on substantial evidence." Appellant's Br. at 27. This argument is based on a misrepresentation of the record and is clearly without merit. The ALJ did *not* find that plaintiff could perform a full range of light and sedentary work; he found that plaintiff could perform only limited light and sedentary work. This court does not look favorably upon arguments founded on misrepresentations of the record. Plaintiff's counsel, Paul McTighe, has been warned and admonished many times for making misrepresentations to this court. In light of his conduct, Mr. McTighe shall be referred to a randomly assigned attorney disciplinary panel to determine what action, if any, is appropriate. *See* 10th Cir. R. 46.5, 46.6.

Next, plaintiff challenges the ALJ's RFC assessment on the ground that he failed to take into account a statement in the February 22, 1996, report of Dr. Felmlee, plaintiff's treating physician, that plaintiff should be examined by an internist "due to his generalized weakness and muscle fasciculation (quivering) when attempting to perform manual labor activities and biceps contraction and

extension maneuvers." Appellant's App., Vol. II, Pt. 2, at 472. Plaintiff argues that "a person who has generalized weakness and muscle quivering cannot perform the full range of light or sedentary work on a consistent basis." [2] Appellant's Br. at 27. The ALJ's RFC assessment, which assumed that plaintiff was limited to work involving lifting no more than twenty pounds occasionally, was not inconsistent with Dr. Felmlee's statement that plaintiff experienced weakness and muscle quivering when performing manual labor. Further, the ALJ's RFC assessment was consistent with the RFC assessment made by Dr. Milo, an orthopedic specialist who examined plaintiff after Dr. Felmlee.

Finally, plaintiff argues that the ALJ failed to take into account his alleged inability to perform repetitive movements with his hands and that someone with his severe hand problems could not perform the full range of light or sedentary work. The first contention is belied by the medical record, which does not show that the limitations in plaintiff's use of his hands included an inability to perform repetitive motions. Therefore, the ALJ did not err by failing to include this alleged limitation in his RFC assessment. The second contention is founded on a misrepresentation of the record similar to that noted above. The ALJ did *not* find that someone with plaintiff's hand problems could perform a full range of

---

[2] We note that plaintiff does not challenge the ALJ's decision on the ground that the ALJ should have ordered a consultative examination by an internist, as suggested by Dr. Felmlee.

light and sedentary work. The ALJ found that plaintiff's hand problems limited his ability to perform light and sedentary work, and the jobs he found plaintiff could perform took those limitations into account.

### The ALJ's Credibility Determination

Plaintiff first attacks the ALJ's credibility determination on the ground that the ALJ did not apply the correct legal standards. Specifically, plaintiff argues that the ALJ failed to link his credibility findings to the evidence, as required by *Kepler v. Chater*, 68 F.3d 387, 391 (10th Cir. 1995). In *Kepler*, we found the ALJ's credibility determination inadequate because the ALJ simply recited the general factors he considered and then said the claimant was not credible based on those factors. The ALJ did not refer to any specific evidence relevant to the factors, so we, as a reviewing court, could only guess what evidence the ALJ relied on in evaluating the claimant's credibility. *Id.* at 390-91. Here, however, the ALJ did not simply recite the general factors he considered, he also stated what specific evidence he relied on in determining that plaintiff's allegations of disabling pain were not credible. Contrary to plaintiff's view, our opinion in *Kepler* does not require a formalistic factor-by-factor recitation of the evidence.

So long as the ALJ sets forth the specific evidence he relies on in evaluating the claimant's credibility, the dictates of *Kepler* are satisfied. [3]

Plaintiff next challenges the ALJ's credibility determination on the ground that it is not supported by the evidence. Plaintiff first argues that the ALJ erred in relying on plaintiff's failure to take medication for severe pain. Plaintiff contends that his testimony that he took pills his friends gave him belies this finding. Plaintiff did not indicate that he took pills from friends with any frequency, however, nor did he know what he was taking. Relying on our opinion in *Frey v. Bowen*, 816 F.2d 508 (10th Cir. 1987), plaintiff also argues that the ALJ could not consider his failure to take pain medication in the absence of evidence that plaintiff had been prescribed pain medication and that it would have restored his ability to work if he had taken it. Plaintiff's reliance on our opinion in *Frey* is misplaced, because *Frey* concerned the circumstances under which an ALJ may deny benefits because a claimant has refused to follow prescribed treatment. *Id.* at 517; *see also* 20 C.F.R. § 404.1530; SSR 82-59, 1982 WL 31384 (S.S.A.). The ALJ here did not purport to deny plaintiff benefits on the ground he failed to follow prescribed treatment. Rather, the ALJ properly considered what

---

[3]     Because we conclude that the ALJ adequately linked his credibility findings to specific evidence in the record, we need not consider plaintiff's challenge to the magistrate judge's attempt to cure what she saw as an inadequate link between the ALJ's findings and the evidence.

attempts plaintiff made to relieve his pain--including whether he took pain medication--in an effort to evaluate the veracity of plaintiff's contention that his pain was so severe as to be disabling. *See Hargis v. Sullivan*, 945 F.2d 1482, 1489 (10th Cir. 1991); *Luna v. Bowen*, 834 F.2d 161, 165-66 (10th Cir. 1987). Plaintiff further argues that the ALJ could not consider his failure to seek medical treatment or take pain medication because of his indigence. The ALJ specifically found that free medical care was available, however, and plaintiff does not dispute this finding.

Plaintiff also argues that the ALJ erred in relying on his own observations of plaintiff at the hearing. Although an ALJ may not rely solely on his personal observations to discredit a plaintiff's allegations, he may consider his personal observations in his overall evaluation of the claimant's credibility. *See Teter v. Heckler*, 775 F.2d 1104, 1106 (10th Cir. 1985) (holding that where other evidence corroborates claimant's pain as genuine, ALJ may not reject claimant's allegations solely on basis of his demeanor); SSR 96-7p, 1996 WL 374186, at *8 (S.S.A.) (stating that ALJ may not accept or reject claimant's allegations based solely on ALJ's personal observation of claimant, but ALJ should consider personal observations in overall evaluation of claimant's credibility). Here, the ALJ properly considered his personal observations of plaintiff as part of his overall assessment of plaintiff's credibility.

## The ALJ's Hypothetical Questions

Finally, plaintiff contends that the ALJ's hypothetical questions to the VE did not recite all of plaintiff's impairments and, therefore, the VE's answers to those questions could not serve as substantial evidence to support the ALJ's conclusion that plaintiff is not disabled. We have already rejected plaintiff's challenges to the ALJ's RFC assessment. The ALJ propounded a hypothetical question to the VE that included all the limitations the ALJ ultimately included in his RFC assessment. Therefore, the VE's answer to that question provided a proper basis for the ALJ's disability decision. *See Gay v. Sullivan*, 986 F.2d 1336, 1341 (10th Cir. 1993).

Finding no reversible error in the Commissioner's denial of social security benefits, we AFFIRM the judgment of the United States District Court for the Northern District of Oklahoma.