**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**OCT 16 2001**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

---

M.J. BEJCEK,

      Plaintiff-Appellant,

v.

LARRY G. MASSANARI, * Acting
Commissioner of Social Security
Administration,

      Defendant-Appellee.

No. 00-5232
(D.C. No. 99-CV-605-M)
(N.D. Okla.)

---

ORDER AND JUDGMENT **

---

Before **EBEL** , **KELLY** , and **LUCERO** , Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined

unanimously to grant the parties' request for a decision on the briefs without oral

---

*      On March 29, 2001, Larry G. Massanari became the Acting Commissioner
of Social Security.  In accordance with Rule 43(c)(2) of the Federal Rules of
Appellate Procedure, Mr. Massanari is substituted for Kenneth S. Apfel as the
appellee in this action.

**      This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel.  The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

argument. See Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Plaintiff appeals a district court order affirming the Commissioner's decision denying her Social Security disability benefits.[1] She claims the Administrative Law Judge (ALJ) erred in determining she was able to perform her past work and denying her claim at Step 4 of the sequential decision making process. See Williams v. Bowen, 844 F.2d 748, 750-52 (10th Cir. 1988) (describing sequential process). At Step 4, the burden is on the claimant to establish that her impairment has rendered her unable to perform her past relevant work. See Henrie v. U.S. Dep't of Health & Human Servs., 13 F.3d 359, 360 (10th Cir. 1993). We have jurisdiction under 28 U.S.C. § 1291 and 42 U.S.C. § 405(g). "We review the Commissioner's decision to determine whether it is supported by substantial evidence and whether correct legal standards were applied." Qualls v. Apfel, 206 F.3d 1368, 1371 (10th Cir. 2000). Substantial evidence is more than a scintilla; rather it is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Glass v. Shalala, 43 F.3d 1392, 1395 (10th Cir. 1994) (further quotation omitted).

---

[1] The parties consented to proceed with this action before a United States magistrate judge under 28 U.S.C. § 636(c)(1), (3).

Plaintiff stopped working in June of 1996. She initially alleged disability as of 1989, but the ALJ determined that more recent earnings established she became reinsured as of July 1, 1996. Thus, her application was considered from that date forward; the date is not contested.

Although the record contains considerable evidence covering numerous medical conditions and complaints, all detailed at some length by the ALJ, plaintiff challenges only the determination, based on claimed difficulties using her hands, that she could return to her past accounting work. See Appellant's Br. at 6-7. We have carefully reviewed the record, the decision of the ALJ and the order of the magistrate judge, and conclude there is substantial evidence to support the Commissioner's determination.

In addition, our scope of review is limited to those issues plaintiff has properly preserved in the district court and adequately presented on appeal. Berna v. Chater , 101 F.3d 631, 632 (10th Cir. 1996). "Absent compelling reasons, we do not consider arguments that were not presented to the district court." Crow v. Shalala , 40 F.3d 323, 324 (10th Cir. 1994).

Here, plaintiff claims the ALJ failed to adequately satisfy the requirements of Winfrey v. Chater , 92 F.3d 1017 (10th Cir. 1996), in determining that she could return to her past relevant work. However, our local rules require that "[f]or each issue raised on appeal, all briefs must cite the precise reference in the

record where the issue was raised and ruled on." 10th Cir. R. 28.2(C)(2). Plaintiff has not included in her appendix her district court brief, nor, indeed, does she claim to have raised the issue below. More significantly, the magistrate judge did not address this argument in what appears to be an otherwise comprehensive review of the ALJ's decision. Accordingly, we can only assume that the issue was not raised below and is therefore not entitled to our consideration. See Crow, 40 F.3d at 324.

Accordingly, for substantially the reasons stated by the magistrate judge, the judgment of the district court is AFFIRMED.

Entered for the Court

Paul J. Kelly, Jr.
Circuit Judge

-4-