**Michael J. BADAR, Plaintiff,**

v.

**Carolyn W. COLVIN, Acting Commissioner of Social Security, Defendant.**

**Civil Action No. 15–cv–180–WJM**

United States District Court, D. Colorado.

Signed 05/11/2016

Chris R. Noel, Chris R. Noel, Law Office Of, Boulder, CO, for Plaintiff.

J. Benedict Garcia, U.S. Attorney's Office–Denver, Kirsten Anna Westerland, M. Thayne Warner, Social Security Administration–Denver Office of the General Counsel, Region VIII, Denver, CO, for Defendant.

## ORDER DENYING PLAINTIFF'S MOTION FOR ATTORNEY FEES

William J. Martínez, United States District Judge

On November 6, 2015, the Court vacated the Commissioner's denial of benefits to Plaintiff Michael J. Badar ("Plaintiff") and remanded this action for further proceedings. (ECF No. 22.) This matter is now before the Court on Plaintiff's Motion for Attorney Fees Under Equal Access to Justice Act (EAJA) 28 U.S.C. § 2142(d) ("Motion"). (ECF No. 24.) For the reasons set forth below, the Motion is denied.

### I. LEGAL STANDARD

The Equal Access to Justice Act ("EAJA") requires that a court "award to a prevailing party ... fees and other expenses ... incurred by that party in any civil action ... brought by or against the United States ... unless the court finds that the position of the United States was substantially justified ...." 28 U.S.C. § 2412(d)(1)(A). "The Government bears the burden of showing that its position was substantially justified. ... The test for substantial justification in this circuit is one of reasonableness in law and fact." *Gilbert v. Shalala*, 45 F.3d 1391, 1394 (10th Cir. 1995).

### II. ANALYSIS

#### A. Fees

The Court remanded this action to the Commissioner for further proceedings

based on its conclusion that the Administrative Law Judge ("ALJ"):

1. failed to include Plaintiff's moderate difficulties in concentration, persistence, and pace in her assessment of Plaintiff's residual functional capacity ("RFC") and in her questions to the vocational expert ("VE") (ECF No. 22 at 6, 10); and

2. failed to properly evaluate Plaintiff's noncompliance with his medical treatment (*id.* at 10–12).

Addressing Plaintiff's arguments with respect to item 1, the Commissioner argued that the ALJ was under no obligation to include these moderate limitations in the RFC or in her hypothetical questions to the VE. (ECF No. 16 at 16.) Although this Court ultimately disagreed, the Court did not view the Commissioner's arguments as substantially unjustified, nor would the ALJ have been substantially unjustified had that been the reasoning on which she relied. *See* 28 U.S.C. § 2412(d)(2)(D) (requiring this Court to judge substantial justification with reference to the Commissioner's arguments on appeal as well as the ALJ's reasoning below).

In support of its position, the Commissioner cited *Bales v. Colvin*, 576 Fed.Appx. 792, 798 (10th Cir. 2014), an unpublished case which concluded that "the ALJ's finding of a moderate limitation in concentration, persistence, or pace at step three does not necessarily translate to a work-related functional limitation for the purposes of the RFC assessment in this case." (ECF No. 16 at 16.) After the Commissioner filed its response to Plaintiff's appeal before this Court, the Tenth Circuit published a case supporting the Commissioner's position. In *Vigil v. Colvin*, 805 F.3d 1199, 1203 (10th Cir. 2015), the Tenth Circuit found that an "ALJ's finding of a moderate limitation in concentration, per-

sistence, or pace at step three does not necessarily translate to work-related functional limitation for the purposes of the RFC assessment." The Tenth Circuit further concluded that "[t]here may be cases in which an ALJ's limitation to 'unskilled work' does not adequately address a claimant's mental limitations." *Id.* at 1204. However, under the facts of that case, "limiting the plaintiff to [a specific vocational preparation level ('SVP')] of only one or two, adequately took into account his moderate limitations in concentration, persistence, and pace." *Id.*

■ In the case at hand, the ALJ's RFC determination similarly limited Plaintiff to occupations with a maximum SVP of 2. (Administrative Record ("R.") (ECF No. 12) at 31.) Although the Court found that this RFC did not account for Plaintiff's moderate limitations, the ALJ and the Commissioner were substantially justified in relying on this reasoning, given the Tenth Circuit's decision in *Vigil. See Evans v. Colvin*, 640 Fed.Appx. 731, 738–39 (10th Cir. 2016) (holding that an ALJ's attempt to account for limitations in focus and concentration through an unskilled-work restriction was substantially justified under *Vigil* ).

■ Concerning item 2, in order to consider the effects of a claimant's noncompliance with treatment when reaching a disability determination, the ALJ must consider "(1) whether the treatment at issue would restore claimant's ability to work; (2) whether the treatment was prescribed; (3) whether the treatment was refused; and, if so, (4) whether the refusal was without justifiable excuse." *Frey v. Bowen*, 816 F.2d 508, 517 (10th Cir. 1987). Although the ALJ addressed all four of these *"Frey* elements," the Court found that the above requirement was not satisfied because the ALJ's analysis of the

fourth element was inadequate. (ECF No. 22 at 11.) The Commissioner argued, however, that the ALJ was not obligated to consider the four *Frey* elements at all. (ECF No. 16 at 15.) Citing *Qualls¯v. Appel*, 206 F.3d 1368, 1372 (10th Cir. 2000), the Commissioner argued that *Frey* applies "only where an ALJ *denies benefits* to a disabled individual solely on the basis of treatment noncompliance, not where an ALJ properly considers the extent of a claimant's attempts to relieve his symptoms *as a factor in the credibility determination*." (ECF No. 16 at 15–16 (emphasis in original).) In the case at hand, the ALJ found that Plaintiff's noncompliance "detract[ed] from his credibility." (R. at 33.) Thus, under the reasoning of *Qualls*, the ALJ was not obligated to consider the *Frey* elements.

 On the other hand, the Tenth Circuit has also held that the ALJ *should* consider the *Frey* elements before using the claimant's noncompliance as support for a credibility determination. *Thompson v. Sullivan*, 987 F.2d 1482, 1490 (10th Cir. 1993) ("before the ALJ may rely on the claimant's failure to pursue treatment or take medication as support for his determination of noncredibility, he or she should consider [the *Frey* elements]"). This Court has previously recognized this apparent conflict between *Qualls* and *Thompson*. *See Williams v. Colvin*, 2015 WL 4941029, at *3 (D. Colo. Aug. 20, 2015). Although this Court chose to follow *Thompson* in its Order in this case (ECF No. 22 at 10), the Commissioner did not act unreasonably in relying on *Qualls*—itself a published opinion from the Tenth Circuit. Furthermore, in a situation in which the legal principle relied upon is "unclear or in flux," the government is *more* likely to meet the standard of substantial justification. *Martinez v. Sec'y of Health & Human Servs.*, 815 F.2d 1381, 1383 (10th Cir. 1987).

Therefore, the Court again finds that the Commissioner's position here and the ALJ's reasoning below were substantially justified, if ultimately erroneous.

Considering the foregoing, the Court "finds that the position of the United States was substantially justified," and so an award of EAJA attorneys' fees is inappropriate. 28 U.S.C. § 2412(d)(1)(A).

## III. CONCLUSION

For the reasons set forth above, Plaintiff's Motion for Attorney Fees Under Equal Access to Justice Act (EAJA) 28 U.S.C. § 2412(d) (ECF No. 24) is DENIED.