FILED
United States Court of Appeals
Tenth Circuit

May 25, 2017

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

SHERRY S. LEE,

     Plaintiff - Appellant,

v.

NANCY A. BERRYHILL, Acting
Commissioner of Social Security
Administration,

     Defendant - Appellee.

No. 16-5163
(D.C. No. 4:15-CV-00104-GKF-TLW)
(N.D. Okla.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **KELLY**, **BALDOCK**, and **BRISCOE**, Circuit Judges.
_____

Sherry S. Lee appeals from the district court's decision affirming the

Commissioner's denial of her application for disability insurance and supplemental

security income benefits. Exercising jurisdiction under 42 U.S.C. § 405(g) and

28 U.S.C. § 1291, we affirm.

---

[*] After examining the briefs and appellate record, this panel has determined
unanimously to honor the parties' request for a decision on the briefs without oral
argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore
submitted without oral argument. This order and judgment is not binding precedent,
except under the doctrines of law of the case, res judicata, and collateral estoppel. It
may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1
and 10th Cir. R. 32.1.

# I. BACKGROUND

Ms. Lee was diagnosed with diabetes in 2004 or 2005. In 2010 she began using an insulin pump. She continued working, however, until her employment as a senior phlebotomist at a plasma center was terminated on January 4, 2012. Citing that day as her onset date, she then applied for benefits.

At step one of the familiar five-step sequential evaluation process, *see Wilson v. Astrue*, 602 F.3d 1136, 1139 (10th Cir. 2010), the administrative law judge (ALJ) found that Ms. Lee had not engaged in substantial gainful activity since her onset date. At step two, the ALJ found that she suffered from the severe impairments of diabetes mellitus and hypothyroidism. At step three, he concluded that Ms. Lee did not meet or medically equal the severity of a listed impairment. Then the ALJ assessed Ms. Lee with the residual functional capacity (RFC) to perform a wide range of light work. Based on testimony from two vocational experts (VE), he concluded that Ms. Lee was capable of performing her past relevant work as a hospital admitting clerk, switchboard operator, retail cashier, phlebotomist, and a medical records technician. He therefore denied benefits at step four. In the alternative, the ALJ went on to consider step five and found that Ms. Lee also could perform other jobs available in the national economy. The Appeals Council denied review, making the ALJ's decision the Commissioner's final decision, and the district court affirmed.

# II. DISCUSSION

"Our review is limited to determining whether the Commissioner applied the correct legal standards and whether the agency's factual findings are supported by

2

substantial evidence." *Knight ex rel. P.K. v. Colvin*, 756 F.3d 1171, 1175 (10th Cir. 2014). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Wilson*, 602 F.3d at 1140 (internal quotation marks omitted). It "is more than a scintilla, but less than a preponderance." *Knight*, 756 F.3d at 1175 (internal quotation marks omitted).

In the argument section of her brief,[1] Ms. Lee argues that the ALJ erred in assessing an RFC that allowed only for normal breaks, not unscheduled breaks. She also asserts that the ALJ erred in how he considered her noncompliance with measures to manage her diabetes. We disagree with both challenges.

### A. Unscheduled Breaks

Ms. Lee first takes issue with the ALJ's RFC assessment that she could "perform a wide range of light work" so long as she had "normal breaks." Aplt. App., Vol. 2 at 22. She asserts that the ALJ improperly ignored medical opinions that she would need unscheduled breaks to attend to her insulin pump and to use the restroom. Relying on VE testimony that in most cases a typical employer would not allow for unscheduled breaks, and that a person who needed to take unscheduled breaks could not perform competitive work, she contends that the ALJ erred in

---

[1] To the extent that other parts of the opening brief include cursory references to other potential arguments, Fed. R. App. P. 28(a)(8)(A) requires the appellant's brief to contain an argument section presenting "appellant's contentions and the reasons for them." Scattered references in other portions of appellant's brief are insufficient to preserve an issue for appellate review. *See Colo. Outfitters Ass'n v. Hickenlooper*, 823 F.3d 537, 546 n.8 (10th Cir. 2016) ("A mere suggestion that the district court erred—made solely in the 'Statement of the Case' section of an appellant's brief and not subsequently developed in the 'Argument' section—is insufficient to adequately brief an issue for consideration on appeal.").

concluding that she was able to perform her past relevant work and other jobs in the national economy.

The evidence regarding breaks is not as clear as Ms. Lee makes it out to be. The testifying medical expert opined that Ms. Lee "needs a job where her hours are regular and she can eat appropriately and test her blood sugar appropriately." *Id.* at 40. Similarly, the consulting psychologist opined that "[i]n a work environment that accommodates for her medical condition, she is unlikely to experience difficulties in attention, concentration, memory consolidation, persistence, adapting to changes, or social interactions." *Id.*, Vol. 3 at 491. Neither opinion necessarily establishes that Ms. Lee will need to take unscheduled breaks, as distinguished from the "normal breaks" that the ALJ assessed.

Further, there is substantial evidence to support the ALJ's determination that normal breaks are adequate. Dr. Clark testified that Ms. Lee should be checking her insulin pump on a regular basis, and her initial insulin pump patient contract directed her to check her blood glucose four to six times daily, including "before each meal, before bedtime, and 2 hours after [a] meal," *id.* at 413. With normal breaks, she should have some time available to her approximately every two hours during the work day. *See* SSR 96-9p, 1996 WL 374185, at *6 (July 2, 1996) (noting, with regard to sedentary work, breaks at approximately two-hour intervals). It reasonably follows that with breaks every two hours Ms. Lee could check her blood glucose, eat, program her insulin pump, or take other actions to keep her insulin pump from triggering an alarm. Notably, Ms. Lee's blood sugar record from July 2012 through

4

March 2013—a period when she was not working—chronicles blood sugar readings that rarely were within two hours of each other, and that, on numerous days, were more than four hours apart.

Ms. Lee points to evidence indicating that she may need to attend to her insulin pump at times other than during a regular break (particularly, the fact that her alarm sounded during the ALJ hearing, causing a short recess). But this argument essentially asks us to reweigh the evidence, which we do not do. *See Oldham v. Astrue*, 509 F.3d 1254, 1257-58 (10th Cir. 2007) ("We review only the *sufficiency* of the evidence, not its weight . . . . Although the evidence may also have supported contrary findings, we may not displace the agency's choice between two fairly conflicting views . . . ." (brackets and internal quotation marks omitted)).

### B. Noncompliance

Ms. Lee also asserts that the ALJ erred in how he considered her noncompliance with measures to manage her diabetes. Citing *Frey v. Bowen*, 816 F.2d 508, 517 (10th Cir. 1987), she argues the ALJ was required to "demonstrate that [she] would have been able to work had she been compliant, or that her failure to comply was not justified" and that "[t]his analysis is absent." Aplt. Br. at 30. The Commissioner cites *Qualls v. Apfel*, 206 F.3d 1368, 1372 (10th Cir. 2000), which held that the *Frey* factors do not apply when the ALJ did not deny benefits for failing to follow prescribed treatment, but instead "properly considered what attempts plaintiff made to relieve his pain—including whether he took pain medication—in an

5

effort to evaluate the veracity of plaintiff's contention that his pain was so severe as to be disabling."

We decline to rely upon *Qualls* because seven years earlier this court held that "before the ALJ may rely on the claimant's failure to pursue treatment or take medication as support for his determination of noncredibility, he or she should consider [the *Frey* factors]." *Thompson v. Sullivan*, 987 F.2d 1482, 1490 (10th Cir. 1993). "[W]hen faced with an intra-circuit conflict, a panel should follow earlier, settled precedent over a subsequent deviation therefrom." *Haynes v. Williams*, 88 F.3d 898, 900 n.4 (10th Cir. 1996).

Nevertheless, we are not persuaded that this issue requires reversal. This court has acknowledged that "merely technical omissions in the ALJ's reasoning do not dictate reversal. In conducting our review, we should, indeed must, exercise common sense. The more comprehensive the ALJ's explanation, the easier our task; but we cannot insist on technical perfection." *Keyes-Zachary v. Astrue*, 695 F.3d 1156, 1166 (10th Cir. 2012). Ms. Lee focuses on the first and fourth *Frey* factors—that compliance would restore her ability to work and that she had a justifiable excuse for noncompliance. While the ALJ did not cite *Frey* or *Thompson*, he made findings addressing both of those factors.

As discussed above, the ALJ's RFC determination was that Ms. Lee could work with normal breaks that would give her the opportunity to check her blood levels, eat, and manage her insulin pump. This finding at least implicitly, if not explicitly, satisfies *Frey*'s first factor. Further, the ALJ did consider (and discount)

6

at least one of her proffered reasons for noncompliance (her financial situation).[2]

This discussion addresses *Frey*'s fourth factor. Thus, the *Frey*/*Thompson* analysis is

not absent, as Ms. Lee alleges.

### III. CONCLUSION

The district court's judgment is affirmed.

Entered for the Court


Mary Beck Briscoe
Circuit Judge

---

[2] Before the district court, Ms. Lee took issue with the ALJ's discussion on that point, but she failed to preserve the issue for appellate review.