FILED
United States Court of Appeals
Tenth Circuit

April 11, 2019

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

JOSE CHICA-ORELLANA, a/k/a Adrian,

    Defendant - Appellant.

No. 18-1402
(D.C. No. 1:17-CR-00116-RM-5)
(D. Colo.)

_____

**ORDER**

_____

Before **TYMKOVICH**, Chief Judge, **LUCERO** and **BACHARACH**, Circuit Judges.

_____

This matter is before the court on Appellant's petition for panel rehearing. The panel orders that the petition for rehearing is GRANTED in part to delete footnote one of the Order and Judgment, and is DENIED in all other respects. A copy of the modified Order and Judgment is attached.

The Order and Judgment filed on March 25, 2019, is hereby withdrawn and replaced with the modified Order and Judgment. The Clerk is directed to file the modified Order and Judgment.

Entered for the Court

ELISABETH A. SHUMAKER, Clerk

**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**April 11, 2019**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

JOSE CHICA-ORELLANA, a/k/a Adrian,

    Defendant - Appellant.

No. 18-1402
(D.C. No. 1:17-CR-00116-RM-5)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **TYMKOVICH**, Chief Judge, **LUCERO** and **BACHARACH**, Circuit Judges.
_____

This matter is before the court on the government's motion to enforce the

appeal waiver in Jose Chica-Orellana's plea agreement pursuant to *United States v.*

*Hahn*, 359 F.3d 1315 (10th Cir. 2004) (en banc) (per curiam).  Chica-Orellana

opposes the motion on the grounds that the government breached the plea agreement

and that the agreement was based on a mutual mistake about sentencing.  Exercising

jurisdiction under 28 U.S.C. § 1291, we grant the motion and dismiss the appeal.

---

[*] This panel has determined unanimously that oral argument would not
materially assist in the determination of this appeal.  *See* Fed. R. App. P. 34(a)(2);
10th Cir. R. 34.1(G).  The case is therefore ordered submitted without oral argument.
This order and judgment is not binding precedent, except under the doctrines of law
of the case, res judicata, and collateral estoppel.  It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

In ruling on a motion to enforce, we consider: "(1) whether the disputed appeal falls within the scope of the waiver of appellate rights; (2) whether the defendant knowingly and voluntarily waived his appellate rights; and (3) whether enforcing the waiver would result in a miscarriage of justice." *Hahn*, 359 F.3d at 1325. All three *Hahn* factors are met here, and Chica-Orellana does not claim otherwise. Instead, he claims the appeal waiver is unenforceable because (1) the government breached its alleged obligation under the plea agreement, and (2) the plea agreement was based on a mutual mistake about his criminal history points and safety-valve eligibility.

## 1. Breach of Plea Agreement

"[A]n appellate waiver is not enforceable if the Government breaches its obligations under the plea agreement." *United States v. Rodriguez-Rivera*, 518 F.3d 1208, 1212 (10th Cir. 2008). "General principles of contract law define the content and scope of the government's obligations under a plea agreement." *United States v. VanDam*, 493 F.3d 1194, 1199 (10th Cir. 2007), *overruled on other grounds by Puckett v. United States*, 556 U.S. 129 (2009). "We thus look to the express language in the agreement to identify both the nature of the government's promise and the defendant's reasonable understanding of this promise at the time of the entry of the guilty plea." *Id*. "We evaluate the record as a whole to ascertain whether the government complied with its promise." *Id*.

Because Chica-Orellana did not raise this argument in the district court, we review for plain error. *See Puckett*, 556 U.S. at 133-34; *United States v. Bullcoming*,

2

579 F.3d 1200, 1205 (10th Cir. 2009). The plain-error test requires the defendant to demonstrate (1) error, (2) that is plain, (3) that affects his substantial rights, and, if those first three prongs are met, (4) that the error seriously affects the fairness, integrity or public reputation of the judicial proceedings. *See United States v. Olano*, 507 U.S. 725, 732-37 (1993). The Court held in *Puckett* that, in a breach-of-plea-agreement case, to establish the third plain-error prong, the defendant must show that the error had a prejudicial effect on the sentence imposed. *See* 556 U.S. at 142 n.4. Chica-Orellana has failed to establish any error, much less plain error, because his argument is based on a mischaracterization of the record.

First, there is no support in the record for Chica-Orellana's claim that the government breached the plea agreement. Contrary to his assertion, the only sentencing concession the government made in the plea agreement was that it would file a motion for a reduction based on his acceptance of responsibility. Nothing in the written plea agreement suggests that the government made any other sentencing concessions, and the Statement in Advance made clear that the plea agreement did not include any promises not "explicitly detailed in" the plea agreement, R. Vol. I, at 182. Moreover, nothing in the court's advisement at the change of plea hearing suggested that the government had agreed to further sentencing concessions.

Second, contrary to Chica-Orellana's assertion, the plea agreement did not promise that he had only one criminal history point and was safety-valve eligible, and it did not "*expressly stipulate*[]" that the guidelines range they thought would apply was the correct one. Resp. to Mot. to Enforce at 13. Rather, the plea documents

3

indicate that the parties "believed" he had one criminal history point, that he "should be eligible" for the safety valve, and that they "estimate[d]" the advisory guidelines range would be 57 to 71 months. Mot. to Enforce, Attach. 1 at 10. The court's colloquy with counsel and Chica-Orellana at the change of plea hearing acknowledged the possibility that despite what the parties "believe," he might be in "Criminal History Category II, which [would] prevent[] the applicability of safety valve." Mot. to Enforce, Attach. 2 at 15-16. The court also reminded him that it was not bound by the parties' calculation and that the court "get[s] to make [its] own decisions as to what the appropriate resolution of guideline issues" is. *Id.* at 16.

Accordingly, based on our review of the plea agreement and the record as a whole, we conclude that the government did not breach the plea agreement.

### 2. Mutual Mistake

We have recognized that a mutual mistake about an essential term in a plea agreement can justify rescission or reformation of the plea agreement, and we articulated the following three-part test for rescission of a plea agreement on the basis of mutual mistake:

> First, the mistake must relate to a basic assumption on which the contract was made. Second, the party seeking avoidance must show that the mistake has a material effect on the agreed exchange of performances. Third, the mistake must not be one as to which the party seeking relief bears the risk.

*United States v. Frownfelter*, 626 F.3d 549, 555 (10th Cir. 2010) (internal quotation marks omitted).

4

Here, the alleged mistake fails the first *Frownfelter* element. Despite the parties' beliefs about what the guidelines range would be, they did not make a basic assumption that the district court would only sentence him within their estimated range. To the contrary, they specifically acknowledged that the court would make its own determination of the guideline range, was not bound by their recommendations, would not make any decisions about sentencing until it had considered the Presentence Report, and could impose any sentence it deemed appropriate up to the maximum allowable sentence of life imprisonment.

The alleged mistake also fails the second element of the *Frownfelter* test. To prevail on that element, Chica-Orellana "must show that the resulting imbalance in the agreed exchange is so severe that he [cannot] fairly be required to carry it out." *Id.* at 556 (internal quotation marks omitted). Although he expected he would have fewer criminal history points and would therefore be safety-valve eligible and have a lower advisory guidelines range, he has not shown a severe imbalance in the parties' agreed-upon exchange or performances given the government's agreement to dismissal of numerous other charges and the fact that the sentence imposed is significantly less than what it would have been absent the plea agreement. Moreover, given the parties' acknowledgement of the district court's sentencing discretion, fulfillment of his expectations was not required to justify holding him to the terms of the plea agreement.

The third element of the *Frownfelter* test is also not satisfied here because, regardless of what his criminal history points were determined to be, Chica-Orellana

5

bore the risk that the district court would not adopt the parties' estimated guidelines range by entering into a plea agreement that did not include a stipulated sentence and left both the calculation of the guidelines range and the ultimate sentencing decision to the discretion of the court.

## Conclusion

Accordingly, we grant the government's motion to enforce the appellate waiver in the plea agreement, and we dismiss this appeal.

Entered for the Court
Per Curiam