FILED
United States Court of Appeals
Tenth Circuit

December 16, 2022

Christopher M. Wolpert
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

JUSTIN ROY, o/b/o Carla Helton,

    Plaintiff - Appellant,

v.

COMMISSIONER, SSA,

    Defendant - Appellee.

No. 22-5036
(D.C. No. 4:21-CV-00060-JFJ)
(N.D. Okla.)

_____

**ORDER AND JUDGMENT[*]**
_____

Before **McHUGH**, **MORITZ**, and **CARSON**, Circuit Judges.
_____

Justin Roy, who was substituted as the plaintiff for his late mother

Carla Helton, appeals from the district court's judgment upholding the

Commissioner's denial of Ms. Helton's applications for a period of disability,

disability insurance benefits, and Supplemental Security Income.  Exercising

jurisdiction under 28 U.S.C. § 1291 and 42 U.S.C. § 405(g), we affirm the district

court's judgment.

---

[*] After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument.  _See_ Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G).  The case is therefore submitted without oral argument.  This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

**BACKGROUND**

Ms. Helton applied for benefits in March 2018, stating she suffered from major depressive disorder, hyperthyroidism, and high blood pressure. She alleged an onset date of June 1, 2016, when she was 51 years old. The Social Security Administration denied her application initially and on reconsideration, and she requested a hearing before an administrative law judge (ALJ).

The ALJ followed the five-step sequential evaluation process. *See Wilson v. Astrue*, 602 F.3d 1136, 1139 (10th Cir. 2010). At Step 1, the ALJ found Ms. Helton had not engaged in substantial gainful activity since her alleged onset date. At Step 2, she found Ms. Helton suffered from the severe impairments of bilateral hand neuropathy with essential tremors, obesity, depression, and anxiety. She found Ms. Helton's other impairments to be non-severe. At Step 3, the ALJ concluded Ms. Helton's impairments did not meet or medically equal the severity of a listed impairment. The ALJ then assessed Ms. Helton with the residual functional capacity (RFC) to do medium work with the following limitations:

> no climbing of ladders, ropes or scaffolds and no work involving any exposure to unprotected heights or dangerous moving machinery or sharp objects such as knives or blades. She can frequently handle and finger. She is able to understand, remember and carry out simple and detailed, but not complex, tasks (SVP 1-4) and have occasional interaction with supervisors, co-workers, and the general public. She can perform no tandem or teamwork.

Aplt. App. Vol. II at 58 (bolding omitted). Based on the testimony of a vocational expert (VE), the ALJ concluded at Step 4 that Ms. Helton could not perform her past relevant work. Proceeding to Step 5, the ALJ found, again based on the VE's

2

testimony, that Ms. Helton could perform other jobs available in significant numbers in the national economy. Accordingly, the ALJ held that Ms. Helton was not disabled and denied her applications for benefits.

The Appeals Council denied review, making the ALJ's decision the Commissioner's final decision. Ms. Helton appealed to the federal district court, and the parties consented to allow a magistrate judge to decide the case. Sadly, Ms. Helton passed away while the case was pending, so the district court substituted Mr. Roy as the plaintiff. Ultimately, the district court affirmed the denial of benefits. Mr. Roy now appeals.

## DISCUSSION

"We review the Commissioner's decision to determine whether the factual findings are supported by substantial evidence in the record and whether the correct legal standards were applied." *Hackett v. Barnhart*, 395 F.3d 1168, 1172 (10th Cir. 2005). "Under the substantial-evidence standard, a court looks to an existing administrative record and asks whether it contains sufficient evidence to support the agency's factual determinations." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (brackets and internal quotation marks omitted). "[T]he threshold for such evidentiary sufficiency is not high. Substantial evidence . . . is more than a mere scintilla. It means—and means only—such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (citation and internal quotation marks omitted). "We consider whether the ALJ followed the specific rules of law that must be followed in weighing particular types of evidence in disability

3

cases, but we will not reweigh the evidence or substitute our judgment for the Commissioner's." *Hackett*, 395 F.3d at 1172 (citation and internal quotation marks omitted).

This appeal challenges only the ALJ's evaluation of Ms. Helton's tremors. Mr. Roy contends that (1) the ALJ's RFC assessment with regard to the tremors is not supported by substantial evidence, (2) the ALJ improperly evaluated the opinion of Syed A. Hussain, M.D., and (3) the ALJ's finding at Step 5 that Ms. Helton could perform other jobs was not supported by substantial evidence.

## I.　RFC Assessment

Mr. Roy first argues that the ALJ's RFC assessment is not supported by substantial evidence. He recognizes the ALJ "specifically mentioned 'shaking' as a reason for some of the limitations given in [her] RFC assessment," Aplt. Opening Br. at 6 (citing Aplt. App. Vol. II at 61), but he asserts the RFC assessment does not accurately reflect Ms. Helton's limitations. "Limiting Helton to frequent handling and fingering does not accurately reflect Helton's problem. The problem is the difficulty controlling whatever she is handling or fingering." *Id.* at 7. In his reply brief, he states he "is only asking that the ALJ be required to apply what she acknowledged – that Helton's hands shake. . . . [T]hat limitation was omitted from the RFC assessment." Aplt. Reply Br. at 2.

To the extent that Mr. Roy argues the ALJ's RFC assessment was deficient simply because it did not specify that Ms. Helton's hands shook, we disagree. In assessing the RFC, the ALJ accounted for the functional limitations that she found

resulted from Ms. Helton's tremors.  The assessment thus was sufficient.  *See Smith v. Colvin*, 821 F.3d 1264, 1269 (10th Cir. 2016) (recognizing that an ALJ can incorporate moderate "limitations by stating how the claimant was limited in the ability to perform work-related activities").

Moreover, the ALJ did not entirely credit Ms. Helton's testimony about the extent and effects of her tremors and shaking, and Mr. Roy does not challenge that credibility assessment.  To the extent his argument is based upon his own assessment of the evidence, rather than the ALJ's, it "amount[s] to an argument that this court should reweigh the evidence, which we cannot do."  *Hendron v. Colvin*, 767 F.3d 951, 956 (10th Cir. 2014); *see also Hackett*, 395 F.3d at 1172 ("[W]e will not reweigh the evidence or substitute our judgment for the Commissioner's.").

Finally, the RFC assessment was supported by substantial evidence.  The ALJ discussed an October 2018 examination by Gloria Perez, D.O., whose examination "revealed ranges of motion within normal limits"; "some decreased sensation on the dorsal surface of the hands bilaterally" and "[t]remors," but "[c]ranial nerves II-X11 were grossly intact" with "no muscle atrophy" and "[n]o muscle contracture"; and "[g]rip strength was equal bilaterally and rated at 5 of 5."  Aplt. App. Vol. II at 61.  Despite the tremors, Dr. Perez opined that Ms. Helton "was able to effectively oppose the thumb to the fingertips, manipulate small objects, and effectively grasp tools such as a hammer," *id.*  The ALJ credited Dr. Perez's opinion, which she found consistent with "evidence showing [Ms. Helton] was able to cook, drive, shop, and crochet."  *Id.*

5

The ALJ also noted other evidence, including (1) the absence of medical records from June 1 through December 20, 2016; (2) "a December 2016 physical examination [that] revealed normal neurological findings," *id.* at 60; (3) "a January 2018 psychological intake evaluation, [in which] the claimant reported no musculoskeletal concerns," *id.*; (4) Ms. Helton's report that she "liked to crochet," *id.*; (5) a June 2018 examination during which Ms. Helton "reported she was currently experiencing hand tremors," but when she "held out her hand in order to show the provider . . . the provider specifically noted that no tremor was observed," *id.*; and (6) that Ms. Helton experienced a "mild response" to medication and that "the dose was increased for better tremor control," *id.* at 61.

This evidence is "more than a mere scintilla" and is "adequate to support [the ALJ's] conclusion" regarding Ms. Helton's RFC. *Biestek*, 139 S. Ct. at 1154 (internal quotation marks omitted).

## II.     Evaluation of Dr. Hussain's Statement

Mr. Roy next argues that the ALJ failed to properly consider the medical opinion of Syed A. Hussain, M.D.  In summarizing a March 12, 2019, examination, Dr. Hussain stated that Ms. Helton's tremor "worsens when [s]he holds [her] arms outstretched and is especially exacerbated by performing a task such as drawing a spiral, straight line and handwriting."  Aplt. App. Vol. V at 648.  Mr. Roy objects that "[t]he ALJ did not discuss Dr. Hussain's statement other than to note evidence that showed mild to moderate action tremor, no evidence of Parkinsonism, and that Helton had a mild response to medication."  Aplt. Opening Br. at 9.  He contends that

6

Dr. Hussain's statement was "a medical opinion that is subject to the requirements of [20 C.F.R.] § 404.1520c(b)(2)," which "requires, at a minimum, that the ALJ explain how [s]he considered the supportability and consistency factors in relation to Dr. Hussain's opinion." *Id.* at 10-11.

Because Ms. Helton filed her application after March 27, 2017, it is subject to new rules regarding consideration of medical opinions. *See* 20 C.F.R. §§ 404.1520c, 416.920c. Under the new rules, the Social Security Administration "will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative finding(s), including those from [a claimant's] medical sources." 20 C.F.R. §§ 404.1520c(a), 416.920c(a). Instead, it "will articulate how [it] considered the medical opinions . . . from that medical source together in a single analysis using" specified factors. §§ 404.1520c(b)(1), 416.920c(b)(1); *see also* §§ 404.1520c(c) (listing factors), 416.920c(c) (same). The two most important factors are supportability and consistency with the entire record. §§ 404.1520c(b)(2), 416.920c(b)(2).

As relevant here, under the new rules, "[a] medical opinion is a statement from a medical source about what [a claimant] can still do despite [his or her] impairment(s) and whether [a claimant has] one or more impairment-related limitations or restrictions in the . . . ability to perform physical demands of work activities . . . including manipulative or postural functions[.]" 20 C.F.R. §§ 404.1513(a)(2)(i), 416.913(a)(2)(i)(A). The Commissioner argues that Dr. Hussain's statement was not a "medical opinion" under this definition. Instead,

the Commissioner asserts, the statement qualifies as "[o]ther medical evidence," which encompasses "evidence from a medical source that is not objective medical evidence or a medical opinion, including judgments about the nature and severity of [the claimant's] impairments." *Id.* §§ 404.1513(a)(3), 416.913(a)(3). The Commissioner therefore concludes that the ALJ was not required to evaluate the medical-opinion factors.

We agree with the Commissioner that Dr. Hussain's statement qualified as "other medical evidence" rather than a "medical opinion." As the Commissioner observes, the statement does "not provide any particular manipulative limitations or address what Helton could still do despite her essential tremor. Instead, Dr. Hussain's notations were simply clinical observations regarding the nature and severity of her essential tremor." Aplee. Resp. Br. at 22 (citation and internal quotation marks omitted). Accordingly, the ALJ did not commit legal error in failing to evaluate the statement under §§ 404.1520c and 416.920c.

Mr. Roy further argues that "[t]he ALJ's decision fails to show consideration of Dr. Hussain's statement," Aplt. Opening Br. at 11, apparently contending the ALJ failed to consider the statement *properly*. We disagree. The ALJ specifically noted Dr. Hussain's statement, but then noted other evidence from Dr. Hussain's records that supported the ALJ's assessment. The ALJ thus considered the statement, as required by §§ 404.1513(a)(3) and 416.913(a)(3).

## III.    Step 5 Finding

Finally, Mr. Roy argues the ALJ's finding at Step 5 that Ms. Helton could perform other jobs available in the national economy was not supported by substantial evidence.  Relying on the well-established principle that VE "[t]estimony elicited by hypothetical questions that do not relate with precision all of a claimant's impairments cannot constitute substantial evidence to support the [Commissioner's] decision," *Hargis v. Sullivan*, 945 F.2d 1482, 1492 (10th Cir. 1991) (internal quotation marks omitted), he asserts that the ALJ failed to ask the VE "to consider the limitation related to Helton's tremor," Aplt. Opening Br. at 12.  He argues that "the VE was not asked to consider shaking, to any degree" and "[t]he ALJ stated that limitations were needed due to Helton's shakiness.  Since the VE was not asked to consider the impact of Helton's shakiness then her answers cannot constitute substantive evidence to support the ALJ's denial." *Id.* at 12-13.

Although the ALJ recognized that Ms. Helton experienced tremors, she did not accept that her shakiness affected her abilities to the degree that Mr. Roy advances. And the ALJ included in her hypothetical questions to the VE the limitations she found to exist as a result of Ms. Helton's shakiness.  By including those limitations, the ALJ adequately put the issue of shakiness before the VE.  *See Qualls v. Apfel*, 206 F.3d 1368, 1373 (10th Cir. 2000) (holding that hypothetical question "provided a proper basis for the ALJ's disability decision" when it "included all the limitations the ALJ ultimately included in his RFC assessment").

## CONCLUSION

We affirm the district court's judgment.

Entered for the Court

Carolyn B. McHugh
Circuit Judge